DISSENTS SAYING:
The majority has upheld an order of the Cuyahoga Falls Municipal Court directing the City of Twinsburg to destroy four firearms in the possession of the police department of that city. I respectfully dissent.
The majority properly points out that the appellant has not clearly, from the record presented to this court for review, established ownership of the firearms. On the other hand, the City of Twinsburg has failed to provide this court with either an appellate brief or argument in support of the trial court's decision. App.R. 18(C) provides that when an appellee fails to file a brief, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. Significantly, appellant states in his brief that he is the owner of these four firearms, that he requested their return, and that he was ignored until he filed a complaint in the Summit County Court of Common Pleas. Appellant further related that on the same day that the magistrate dismissed his case, the city filed a petition to destroy Appellant's property before Appellant had the opportunity to object to the magistrate's decision. The above facts are derived from the appellant's brief and are uncontroverted by the appellee.
Firearms are personal property of an especially valued sort, as referenced in the Constitution of the State of Ohio. Section 4, ArticleI, Ohio Constitution (stating in part that "[t]he people have the right to bear arms for their defense and security"). The City of Twinsburg's cavalier treatment of appellant's constitutionally protected property rights is reflected in their obtaining an ex parte order before the final judgment in the Summit County Court of Common Pleas was rendered.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]" Section 10, Article I of the Ohio Constitution contains similar language stating "[n]o person shall be twice put in jeopardy for the same offense." These prohibitions on double jeopardy guard against three distinct abuses: (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense. State v. Gustafson (1996),76 Ohio St.3d 425, 432. In State v. Epstein (May 17, 2000), Lorain App. No. 99CA007390, unreported, at 3-4, we reviewed the circumstances upon which a forfeiture is barred by the double jeopardy cause. We held that the double jeopardy clause prohibits forfeiture "if the property could be lawfully possessed by the party in question, and therefore, the forfeiture is sought only as a penalty for the underlying criminal activities that already form the basis of the criminal conviction[.]"Id. at 4.
However inartfully the matter is presented to us, this court ought not to allow the seizure and destruction of personal property in violation of appellant's right to due process of law and right not to placed twice in jeopardy for the same offense. I would remand this case to the Cuyahoga Falls Municipal Court for further proceedings including adjudgment of due process and notice to the appellant consistent with the Ohio State Constitution and the Ninth District Court of Appeals' decisions prohibiting a defendant from being tried twice for the same offense.